E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-07033-S4**
**7/23/2024 4:11 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Earl W. Bramlett | Case No. 23-C-07033-S4 |
| Plaintiff, | |
| v. | |
| Richard V. Wright, Vicari Auction Company, LLC, Flip Flop Promotions, Inc., and Georgia Mountain Moonshine Cruiz-In, LLC | Amended Complaint for Damages |
| Defendants. | |

### Parties, Jurisdiction, And Venue

1. Earl W. Bramlett is a citizen of the State of Georgia.

2. Defendant Richard V. Wright ("Defendant Wright") is a resident of the State of Tennessee.

3. Defendant Wright may be served with process at his residence at 8300 Forest Breeze Drive, Harrison, Hamilton County, Tennessee 37341.

4. Pursuant to O.C.G.A. § 9-10-91, Defendant Wright is subject to the jurisdiction of this Court and may be served pursuant to O.C.G.A. § 9-10-94.

5. When served, Defendant Wright will be subject to the jurisdiction and venue of this Court.

6. Defendant Vicari Auction Company, LLC ("Defendant Vicari") is a corporation organized in the State of Louisiana.

7. Service may be made upon Defendant Vicari by serving its Registered Agent Pete Vicari located at 1900 Destrehan Avenue, Harvey, Jefferson County, Louisiana 70058.

8. Defendant Vicari is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

9. When served, Defendant Vicari will be subject to the jurisdiction and venue of this Court.

10. At the time of the subject incident, Defendant Vicari was a foreign corporation registered to transact business within the State of Georgia, with its registered agent, Business Filings Incorporated located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

11. On May 18, 2023, Defendant Vicari Dissolved through the Georgia Secretary of State.

12. Defendant Flip Flop Promotions, Inc. ("Defendant Flip Flop") is a corporation organized in the State of Mississippi.

13. Service may be made upon Defendant Flip Flop by serving its Registered Agent Robert R. Parrish located at 306 South Siddal St., Ripley, Mississippi 38663.

14. Defendant Flip Flop is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

15. When served, Defendant Flip Flop will be subject to the jurisdiction and venue of this Court

16. Defendant Georgia Mountain Moonshine Cruize In, LLC. ("Defendant Georgia Mountain") is a corporation organized in the State of Mississippi.

17. Service may be made upon Defendant Georgia Mountain by serving its Registered Agent Robert R. Parrish located at 301 South Siddal St., Ripley, Mississippi 38663.

18. Defendant Georgia Mountain is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91.

19. When served, Defendant Georgia Mountain will be subject to the jurisdiction and venue of this Court.

20. This action is timely filed against all Defendants.

## Facts Applicable to All Counts

21. On or about July 29, 2022, Defendants Vicari, Flip-Flop, and Georgia Mountain Moonshine held a classic car auction and car show at the Dalton Convention Center located at 2211 Tony Ingle Parkway, Dalton, Whitfield County, Georgia ('the Premises").

22. On or about July 29, 2022, Plaintiff was an invitee at Defendants auction and car show.

23. While Plaintiff was observing the auction in the audience, Defendant Wright lost control of the 1940 Willys-Overland and accelerated into the audience, striking the Plaintiff.

24. Plaintiff suffered severe, permanent injuries as a result of the Incident.

25. At all relevant times, Plaintiff exercised due care for his own safety.

## Count 1: Negligence of Defendant Wright

26. Defendant Wright owed a duty of care to all attendees of the Auto Auction and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner.

27. The Crash was directly and proximately caused by the negligence of Defendant Wright.

28. The Crash was directly and proximately caused by Defendant Wright's negligence in driving his vehicle in reckless disregard for the safety of persons and/or property.

29. The Crash was directly and proximately caused by Defendant Wright's negligence in driving a speed that was greater than reasonable for conditions.

30. The Incident was directly and proximately caused by Defendant Wright's negligence in failing to exercise due care in the operation of his vehicle.

31. The Incident was directly and proximately caused by Defendant Wright's negligence in failing to make proper and reasonable observations while driving his vehicle, or if reasonable and proper observations were made, his negligence to act thereon.

32. Plaintiff's personal injuries were directly and proximately caused by Defendant's negligence.

### Count 2: Negligence of Defendant Vicari

33. Defendant Vicari operated, controlled, and/or managed the Auto Auction at all times material hereto.

34. Defendant Vicari owed a duty to all attendees of the Auto Auction, including Plaintiff, to operate, control, and/or manage the Auction in a reasonable and prudent manner.

35. Defendant Vicari was negligent in allowing vehicles to be driven across the auction block.

36. Defendant Vicari was negligent allowing inexperienced drivers, including Defendant Wright, to drive vehicles across the auction block.

37. Defendant Vicari was negligent in failing to properly train Defendant Wright in the operation of the vehicle.

38. Defendant Vicari were negligent in failing to properly supervise Defendant Wright in the operation of the vehicle.

39. Defendant Vicari was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

40. Plaintiff's personal injuries were directly and proximately caused by Defendant's negligence.

### Count 3: Negligence of Defendants Flip Flop and Georgia Mountain Moonshine

41. Defendants Flip Flop and Georgia Mountain Moonshine operated, controlled, and/or managed the Auto Auction and car show at all times material hereto.

42. Defendant Flip Flop and Georgia Mountain owed a duty to all attendees of the Auto Auction and car show, including Plaintiff, to operate, control, and/or manage the Auction and car show in a reasonable and prudent manner.

43. Defendant Flip Flop and Georgia Mountain was negligent in allowing vehicles to be driven across the auction block.

44. Defendant Flip Flop and Georgia Mountain was negligent allowing inexperienced drivers, including Defendant Wright, to drive vehicles across the auction block.

45. Defendant Flip Flop and Georgia Mountain were negligent in failing to ensure that Vicari and/or Wright were operating the vehicles and auto auction in a safe manner for the protection of its invitees, including Plaintiff.

46. Plaintiff's personal injuries were directly and proximately caused by Defendants' negligence.

## Damages

47. Defendants are liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

48. Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

49. Plaintiff seeks to and is entitled to recover for:

    49.1. Personal injuries

    49.2. Past, present, and future pain and suffering

    49.3. Disability

    49.4. Disfigurement

    49.5. Mental anguish

    49.6. Loss of capacity for the enjoyment of life

    49.7. Economic losses

    49.8. Incidental expenses